**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>MAXIDE ACQUISITION, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-10429 (MFW)<br><br>(Jointly Administered) |
| EDWARD P. BOND, AS TRUSTEE OF THE DMX CREDITORS LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>L.E. K. CONSULTING,<br><br>Defendant. | Adv. Proc. No. 07- |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Edward P. Bond, as Trustee of the DMX Creditors Liquidation Trust (the "Trustee" or the "Plaintiff"), by his counsel Drinker Biddle & Reath LLP, as and for his complaint against L.E. K. Consulting (the "Defendant"), respectfully alleges the following:

**NATURE OF THE ACTION**

The Plaintiff demands a money judgment and other relief resulting from certain transfers made by the Transferor Debtors (as defined herein) to or for the benefit of the Defendant during the 90-day period prior to the commencement or after the commencement of the Transferor Debtors' bankruptcy cases. Specifically, the Plaintiff seeks entry of a judgment against the Defendant (1) pursuant to 11 U.S.C. § 547(b) or § 549(a), avoiding the Transfers (as defined herein); (2) pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding and setting aside the Transfers as

constructive fraudulent conveyances; (3) pursuant to 11 U.S.C. § 550(a), directing the Defendant to pay the Plaintiff an amount to be determined at trial that is not less than the amount of the Transfers, plus interest and costs; and (4) pursuant to 11 U.S.C. § 502(d), disallowing any claim of the Defendant against the Transferor Debtors until the Defendant pays in full the amount so determined.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

4. This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and because the Defendant transacted and did business with one or more of the Transferor Debtors prior to the Petition Date (as defined herein).

5. The Trustee brings this adversary proceeding pursuant to Rule 7001 of the Bankruptcy Rules.

## BACKGROUND

6. On February 14, 2005 (the "Petition Date"), Maxide Acquisition Inc. and certain of its direct and indirect subsidiaries (the "Debtors"), including AEI Music Network, Inc., Maxide Music, Inc. (*f/k/a* DMX Music, Inc.) and Tempo Sound, Inc. (collectively, the "Transferor Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

7. On March 31, 2006, the Debtors filed their Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").

8. On June 27, 2006, this Court entered the Order Confirming Plan of Liquidation of Maxide Acquisition, Inc., AEI Music Network, Inc., Maxide Music, Inc. (*f/k/a* DMX Music, Inc.) and Tempo Sound, Inc. under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"). The Plan became effective on August 23, 2006 (the "Effective Date").

9. Pursuant to the Plan, a creditor trust was created. The duties of the Trustee of the creditor trust are governed by the Creditor Trust Agreement (the "DMX Creditors Liquidation Trust") entered into between the Transferor Debtors and the Trustee.

10. Pursuant to the DMX Creditors Liquidation Trust, the Trustee is responsible for, *inter alia*, filing and prosecuting all actions, causes of action, or claims of the Transferor Debtors or their estates arising under chapter 5 of the Bankruptcy Code.

11. Upon information and belief, the Defendant is a corporation, partnership, governmental unit, individual, or entity who transacted business in the United States with the Transferor Debtors and who received one or more transfers from the Transferor Debtors.

12. During the period on or within ninety (90) days before the Petition Date (the "Preference Period"), the Transferor Debtors issued and authorized payment to certain of their creditors, by check, wire transfer, or otherwise.

**COUNT I – TO AVOID PREFERENTIAL**
**TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)**

13. The Plaintiff realleges and incorporates Paragraphs 1 through 12 as if fully set forth herein.

14. Sections 547(b) and 550(a) of the Bankruptcy Code provide for the avoidance and recovery of a transfer to a creditor of an interest of a debtor in property if the transfer is shown to have constituted a "preference" as defined in the statute.

15. Pursuant to section 547(b) of the Bankruptcy Code and Articles V and VII of the Plan, the Trustee may avoid any transfer of an interest of the Transferor Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Transferor Debtors before such transfer was made, (c) made while the Transferor Debtors were insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

16. During the Preference Period, the Transferor Debtors made certain transfers of their property (the "Transfers") totaling not less than $125,000.00 to or for the benefit of the Defendant. A list of the Transfers, which identifies the Transferor Debtor entity that made the Transfers, invoice numbers, date and amount of each Transfer is incorporated by reference and attached hereto as Exhibit A.

17. The Defendant was a creditor of the Transferor Debtors at the time of each of the Transfers.

18. Each of the Transfers was made on account of an antecedent debt or debts owed by one or more of the Transferor Debtors to or for the benefit of the Defendant before each Transfer was made.

19. The Transferor Debtors were insolvent at the time of each of the Transfers.

20. The Transfers enabled the Defendant to receive more than it would have received if (a) the Transferor Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant had received payment of such debt or debts to the extent provided by the provisions of the Bankruptcy Code.

21. Accordingly, pursuant to U.S.C. §§ 547(b) and 550(a)(1), the Trustee is entitled to judgment avoiding the Transfers, and allowing the Trustee to recover from the Defendant the amount of the Transfers, together with interest from the date of the Transfers.

**COUNT II – TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(b)**

22. The Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. The Transfers were made within one year before the Petition Date.

24. Upon information and belief, the Transferor Debtors received less than reasonably equivalent value in exchange for the Transfers.

25. The Transferor Debtors were insolvent on the dates that the Transfers were made, or became insolvent as a result of the Transfers.

26. At the time or as a result of the Transfers, the Transferor Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Transferor Debtors was an unreasonably small capital.

27. At the time or as a result of the Transfers, the Transferor Debtors intended to incur, or believed that the Transferor Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

28. Accordingly, pursuant to U.S.C. §§ 548(a)(1)(B) and 550(a)(1), the Trustee is entitled to judgment avoiding the Transfers, and allowing the Trustee to recover from the Defendant the amount of the Transfers, together with interest from the date of the Transfers.

**COUNT III – TO AVOID AND RECOVER POST-PETITION**
**TRANSFERS PURSUANT TO 11 U.S.C. § 549**

29. The Plaintiff realleges and incorporates Paragraphs 1 through 29 as if fully set forth herein.

30. The Transfers constitute property of the Transferor Debtors' estate under Section 541 of the Bankruptcy Code.

31. Upon information and belief one or more of the Transfers were made by the Transferor Debtors after the commencement of the case.

32. Upon information and belief each post-petition Transfer was not authorized under the Bankruptcy Code or by the Court.

33. Accordingly, pursuant to U.S.C. §§ 549(a) and 550(a)(1), the Trustee is entitled to judgment avoiding the Transfers, and allowing the Trustee to recover from the Defendant the amount of the Transfers, together with interest from the date of the Transfers.

**COUNT IV - TO RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. § 550**

34. The Plaintiff realleges and incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

36. The Trustee is entitled to recover from the Defendant the aggregate sum of the Transfers plus interest thereon from the date of demand to the date of payment and the costs of this action to the extent permitted.

**COUNT V - TO DISALLOW**
**CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

37. The Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully set forth herein.

38. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

39. Pursuant to 11 U.S.C. § 502(d), any claims of the Defendant against the Transferor Debtors must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

WHEREFORE, the Trustee demands judgment against the Defendant (1) declaring that the Transfers to the Defendant constitute voidable preferential transfers pursuant to 11 U.S.C. § 547(b); (2) in the alternative, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding and setting aside the Transfers as constructive fraudulent conveyances; (3) declaring that each and every post-petition

Transfer to the Defendant constitutes a voidable transfer pursuant to 11 U.S.C. § 549(b); (4) avoiding the Transfers and directing and ordering that the Defendant pay the Trustee, pursuant to 11 U.S.C. § 550(a), the full value of the Transfers, in the minimum amount of $125,000.00 , plus interest thereon from and after the date of demand at the highest legally permissible rate; (5) pursuant to 11 U.S.C. § 502(d), disallowing any claim of the Defendant against the Transferor Debtors; (6) awarding the Trustee his costs and reasonable attorneys' fees to the extent permitted; and (7) granting to the Trustee such other and further relief as the Court deems equitable and proper.

Dated: Wilmington, Delaware
February 9, 2007

DRINKER BIDDLE & REATH LLP

*/s/ Howard A. Cohen*
Howard A. Cohen (DE 4082)
1100 North Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*- and --*

A. Dennis Terrell
Robert K. Malone
Michael P. Pompeo
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 360-1100

*Attorneys for Edward P. Bond, as Trustee of the DMX Creditors Liquidation Trust*